1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                             EASTERN DISTRICT OF CALIFORNIA

10

11   ASHLEY BANUELOS,                          )     Case No.: 1:09-cv-00622-JLT
                                                )
12                   Plaintiff,                 )     ORDER GRANTING IN PART PETITION
           v.                                   )     FOR ATTORNEYS FEES PURSUANT TO
13                                              )     EQUAL ACCESS TO JUSTICE ACT, 28
     MICHAEL J. ASTRUE,                         )     U.S.C. § 2412(d)
14   Commissioner of Social Security,           )
                                                )     (Doc. 22)
15                   Defendant.                 )
                                                )
16

17         Plaintiff sought judicial review of a final decision of the Commissioner of Social Security

18   denying his application for benefits.  On October 20, 2010, Plaintiff filed a petition for attorney's

19   fees in the amount of $2,328.79 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C.

20   § 2412(d).  (Doc. 22 at 1).  Defendant filed a brief in opposition to the motion on October 28,

21   2010.  (Doc. 23).  For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES**

22   **IN PART** Plaintiff's motion for EAJA fees.

23                                     **BACKGROUND**

24         On July 29, 2010, the Court issued a decision and order directing remand for further

25   proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. 20).

26         On October 20, 2010, Plaintiff filed a motion for attorney's fees pursuant to the Equal

27   Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Plaintiff seeks an award of $2,328.79

28   based upon a total of 4.5 hours of attorney work performed in 2009 and 8.9 hours of attorney

                                              1

1   work performed in 2010.  (Doc. 22 at 3 and Attachment).  In addition, Plaintiff requests that the

2   Court award the fees directly to his attorney.  (Id. at 4).

3          Defendant does not oppose the attorney's fee amount sought by Plaintiff, nor does he

4   contend that the hours spent by counsel on this matter are unreasonable.  Instead, he opposes

5   Plaintiff's request that the fee amounts be awarded directly to Plaintiff's counsel.

6                                          **ANALYSIS**

7          1. Law Generally

8          With respect to fees awarded under the EAJA, 28 U.S.C. § 2412(d)(1(A) provides:

9          Except as otherwise specifically provided by statute, a court shall award to a
           *prevailing party* other than the United States fees and other expenses, in addition
10         to any costs awarded pursuant to subsection (a), incurred by that party in any civil
           action (other than cases sounding in tort), including proceedings for judicial
11         review of agency action, brought by or against the United States in any court
           having jurisdiction of that action, unless the court finds that the position of the
12         United States was substantially justified or that special circumstances make an
           award unjust.  (Emphasis added).

13

14         Fees awarded under this section must be reasonable and Plaintiff has the burden of proof

15   on this point.  See Hensley v. Eckerhart, 461 U.S. 424, 434, 437 (1983); see also Atkins v. Apfel,

16   154 F.3d 986, 988 (9th Cir. 1998) (specifically applying these principles to fee requests under the

17   EAJA).

18         2. Plaintiff's attorney's fees request is reasonable but must be modified

19         As noted, Defendant does not challenge the fee request itself.  The Court has examined

20   the documentation submitted by Plaintiff and concludes that the hours expended by counsel are

21   reasonable.  However, the hourly rates sought by Plaintiff minimally fail to comport with the

22   adjusted cost-of-living rates provided by the Ninth Circuit Court of Appeals.  For instance,

23   Plaintiff seeks compensation for fees performed in 2009 at the rate of $172.25 per hour.  (Doc.

24   22 at 3).  However, the Ninth Circuit provides for an adjusted rate of $172.24 per hour.  Plaintiff

25   seeks also an hourly rate of compensation of $174.57 for work performed by counsel in 2010.

26   (Id.) Again, the Ninth Circuit provides for compensation at an hourly rate of $174.64.  When the

27   rates provided on the Ninth Circuit's website are applied, the actual amount to which Plaintiff is

28

1  entitled under the EAJA totals $2,329.38 for all work performed by counsel in 2009 and 2010.[1]

2  Thus, the Court will **ORDER** that Plaintiff be awarded $2,329.38 in EAJA fees.

3        3.  Award of the fees under the EAJA must be to Plaintiff and not his counsel

4        Plaintiff requests that the Court make the EAJA fees payable to his counsel.  (Doc. 22 at

5  3)).  Defendant opposes this request and argues that payment must be to Plaintiff and not his

6  attorney.  In support, Defendant cites the recently decided case of Astrue v. Ratliff, ___ U.S. ___,

7  130 S.Ct. 2521 (2010).

8        In Ratliff, the Supreme Court held that an award of fees under the EAJA is payable to the

9  litigant and not his attorney and, therefore, is subject to offset for any pre-existing debt owed by

10  the plaintiff to the United States.  130 S.Ct. at 2524.  In Ratliff, the Government notified a social

11  security claimant that it would apply EAJA fees that had been awarded to her to offset a portion

12  of her outstanding federal debt.  Id. at 2525.  Ratliff, the claimant's attorney, intervened to

13  challenge the offset on the grounds that EAJA fees belong to a litigant's attorney and, thus, could

14  not be used to offset a litigant's federal debts.  Id.

15        The Court disagreed.  The Court held that 28 U.S.C. § 2412(d)(1)(A) awards fees "to a

16  prevailing party."  See Ratliff, 130 S.Ct. at 2525-27.  Thus, the Court determined that an award

17  directly to a claimant's attorney was not supported by the language of § 2412(d)(1)(A) and would

18  frustrate the government's ability to offset federal debts owed by the claimant.  For these reasons,

19  the Court declines to direct that EAJA fees be made payable to Plaintiff's counsel.

20        Accordingly, Plaintiff's motion for attorney's fees (Doc. 22) under the Equal Access to

21  Justice Act, 28 U.S.C. § 2412(d)(1)(A), is **GRANTED IN PART AND DENIED IN PART**, as

22  follows:

23        1.  Plaintiff's request for attorney's fees is **GRANTED** as modified in the

24            amount of $2,329.38; and

25  ///

26  ///

27

28     [1] This amount is based on 4.5 hours of work in 2009 at a rate of $172.24 (a total of $775.08) and 8.9 hours of work in 2010 at a rate of $174.64 (a total $1,554.30).

1    2.      Plaintiff's request that the award of fees be made payable to counsel is

2         **DENIED**.

3

4  IT IS SO ORDERED.

5  Dated:   **November 10, 2010**                          **/s/ Jennifer L. Thurston**
                                                UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28